**In re GRAND JURY INVESTIGATION, SPECIAL GRAND JURY NO. II, SEPTEMBER TERM, 1983.**

Civ. No. M–84–4205.

Misc. No. 708–A.

United States District Court, D. Maryland.

Dec. 13, 1984.

---

John F. Greaney, Katherine R. Curtis, and Phillip R. Malone, Antitrust Div., U.S.

Dept. of Justice, Washington, D.C., for the U.S.

Jed S. Rakoff, Laura R. Cauble, and Mudge, Rose, Guthrie, Alexander & Ferdon, New York City, for the witness.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

A revised subpoena has been issued by Special Grand Jury No. II, September Term, 1983, to S.G.L. for certain documents.[1] The court held a hearing on the predecessor of the revised subpoena and has received memoranda and letters from counsel for the Government and the witness. The issues presented by the revised subpoena and its predecessor are the same.

The witness is a former employee of X and Y corporations.[2] He has been designated as a target of the grand jury investigation into possible criminal violations of the antitrust laws.

The issues are (1) whether or not the revised subpoena is overbroad, (2) whether or not the revised subpoena requires production of personal records of the witness, and (3) whether or not the "act of production" doctrine applies under the circumstances here.

■ After considering all of the factors enumerated in the various submissions of the parties, the court is of the opinion that the revised subpoena is overbroad and that, as written, it calls for production of personal records.

■ The revised subpoena states, in part, that "[t]he documents demanded by this subpoena are limited to those prepared, sent, received, maintained, kept, or used at any time, in connection with any aspect of the _____ business of X or Y between January 1, 1967 and the date of service of this subpoena." [3] In this court's

---

1. The name of the recipient of the subpoena and the names of the corporations whose records are sought are withheld from this memorandum in the interests of preservation of grand jury secrecy, but will be found under seal in the official court record of this proceeding.

2. *See* footnote 1.

3. The nature of the business involved is omitted from this memorandum and order in the interests of preservation of grand jury secrecy. The nature of the business involved will be found in the papers, under seal, in the official court file.

opinion, the limitation on the documents sought by the revised subpoena is insufficient to protect against the production of personal, as opposed to corporate, records. It is well established that a person's personal documents are entitled to full Fifth Amendment protection. *Boyd v. United States*, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886); *In re: John Doe No. 462*, 745 F.2d 834 (4th Cir., 1984).

■ While it is clear in this Circuit that corporate papers are not entitled to Fifth Amendment protection when held in a representative, rather than an individual, capacity, *Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974); *In re: John Doe No. 462, supra*, there is little judicial interpretation of the meaning of the terms "corporate" and "representative capacity" in this context. This court is satisfied that the following definitions are workable ones and will suffice to carry out the policies enunciated in the various judicial decisions relating to this subject matter. ·

Corporate papers are those (1) which were prepared as a part of the duties of an employee, representative, director or agent of the corporation or as an aid in performing the duties and responsibilities of an employee, representative, director or agent of the corporation or (2) which were sent, received, maintained, or used by an employee, representative, director, or agent of the corporation in the course of the business of the corporation.

A person has possession in a representative capacity if he (1) has possession of corporate papers for safekeeping at the request of the corporation or (2) has or obtained possession of said papers as a part of the duties of the possessor as an agent, employee, representative or director of the corporation or as an aid in performing the duties and responsibilities as such to the corporation or (3) has possession of corporate papers by virtue of having removed them in an unauthorized fashion from corporate premises, records, files or depositories.

■ If a question arises as to whether or not an individual has possession of corporate papers in a representative capacity, in order to invoke Fifth Amendment protection for those papers, the burden is on the possessor to establish that he does not possess in a representative capacity and that whatever papers he does possess which might arguably come within the terms of the subpoena are, in fact, personal papers. *See Matter of Grand Jury Subpoena Duces Tecum*, 697 F.2d 277 (10th Cir.1983); *United States v. Fox*, 549 F.Supp. 1362 (S.D.N.Y.1982).

■ If the documents which are in the possession of the witness are corporate papers held in a representative, as opposed to an individual, capacity, that person still might be entitled to Fifth Amendment protection from the production of those documents under the "act of production" doctrine. *United States v. John Doe*, — U.S. —, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984); *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). As in other applications of the Fifth Amendment privilege, the burden is on the witness to establish as to a particular document that the mere act of producing the same would involve testimonial self-incrimination, but that burden may be met *prima facie* simply by showing that production of the records "... would tacitly admit their existence and his possession" and that his production of the records "... would relieve the Government of the need for authentication" if the Government were able to obtain the documents from another source. *United States v. John Doe, supra*, — U.S. at — n. 12, 104 S.Ct. at 1243 n. 12.

The revised subpoena will be quashed without prejudice to the right of the Grand Jury to issue another subpoena which is limited in accordance with the principles set forth herein.